**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **RAKYM DURHAM,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 20-3944** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

**ORDER**

AND NOW, this _____ day of _____, 2020, upon consideration of

the Defendant the City of Philadelphia's Motion to Dismiss, and any response thereto, it is

**HEREBY ORDERED** that the Motion is **GRANTED**. It is further **ORDERED** that all claims

against the City of Philadelphia are **DISMISSED WITH PREJUDICE**.

BY THE COURT:

_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAKYM DURHAM,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 20-3944** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

## DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendant, the City of Philadelphia ("City"), hereby files this Motion to Dismiss for Failure

to State a Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this motion,

Defendant incorporates the attached Memorandum of Law.  The City respectfully requests that

this Court dismiss the claims asserted against it in Plaintiff's Complaint, with prejudice.

Date:  November 10, 2020                    Respectfully submitted,

*/s/ Shannon Zabel*
Shannon Zabel
Assistant City Solicitor
Pa. Attorney ID No. 321222
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5114
shannon.zabel@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAKYM DURHAM, | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 20-3944 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiff, Rakym Durham, has disregarded established Third Circuit case law by suing the City of Philadelphia ("City") under 42. U.S.C. § 1983 without making sufficient factual allegations regarding a municipal policy or custom that was the moving force behind the constitutional violations alleged. Accordingly, the Court should dismiss all of Plaintiff's claims against the City with prejudice.

I.   **STATEMENT OF ALLEGED FACTS**

In his Complaint, Plaintiff alleges that on August 15, 2019, he was operating a car when he was arrested by police. *See* Complaint ("Cmplt."), ECF Doc. 1, at ¶¶ 9-10. He alleges that officers observed him for an extended period of time in a vehicle "specially designed to be operated by a handicapped person." *Id.* at ¶ 10. Plaintiff claims that, while arresting him, the officers were "completely aware" that he was unable to move his legs due to his disability, and officers placed his wheelchair in the police vehicle that transported him to the police station. *Id.* at ¶ 11. The Complaint goes on to aver that Plaintiff as taken to the police station to be fingerprinted and photographed. *Id.* at ¶ 12. Plaintiff alleges that when it was his turn to have his photograph taken, "law enforcement agents, ordered him to stand up and when he could not comply, officers forcibly

lifted [him] to attempt to make him stand during the intake procedure, despite him being physically disabled and unable to walk, and in doing so caused purposefully to let go of him, causing Plaintiff … to fall onto the floor, causing his leg to fracture." *Id.* at ¶ 13.  Plaintiff claims he was not given any medical attention and was released without being charged with a crime on August 17, 2019. *Id.* at ¶¶ 14-15.  After being released, he avers he sought treatment at Lankenau Hospital and was diagnosed with a "nondisplaced tibial plateau fracture" which he contends was caused by "being dropped to the ground." *Id.* at ¶ 15.  The Complaint goes on to state that Plaintiff was gravely injured and at no time did he resist or otherwise fail to comply with officers' commands. *Id.* at ¶¶ 16-17.

Plaintiff brings the following claims: an excessive force claim against "PPD Officers #1-10" (Count I); a failure to intervene claim against a "PPD Officers #1-10" (Count II); an assault and battery claim against "PPD Officers #1-10" (Count III); and a municipal liability claim against the City of Philadelphia (Count IV).

As it relates to his claim against the City, Plaintiff claims that the City "developed and maintained policies and customs exhibiting a deliberate indifference to the constitutional rights of persons in the City…which caused the violation of Plaintiff's rights." Cmplt. at ¶32.   The Complaint states that it was the policy and/or custom of the City to "cover-up and avoid detection of improper and illegal police activity including excessive force, conspiracies, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery." *Id.* at ¶ 33.  Plaintiff continues that the City had a policy and/or custom "to fail to sufficiently supervise against, train and/or retrain against, and sufficiently discipline against illegal police activity" and lists the same categories as the previous paragraph. *Id.* at ¶ 34.  Finally,

Plaintiff alleges that the "decision-maker" in this situation is the Chief of Police and the commander and leader of the Internal Affairs Division. *Id.* at ¶ 35.

## II.     LEGAL STANDARD

A plaintiff cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.*  Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997) (citations and quotations omitted).

## III.     ARGUMENT

### A.  Plaintiff's Complaint Fails to Allege a Cognizable Claim of Municipal Liability Against the City Under 42 U.S.C. § 1983.

Plaintiff fails to allege a cognizable claim of municipal liability against the City under § 1983.  A plaintiff cannot recover against the City of Philadelphia under a *respondeat superior* theory of liability.  In order to prevail against the City of Philadelphia, Plaintiff must prove that (1) a constitutionally-protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990).

*Monell* liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990).  Proof of a

single incident or unconstitutional activity is not sufficient to impose liability under *Monell*. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985).  Courts have "recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom."  *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted).  A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law."  *See id.* (citations and quotations omitted).

Here, Plaintiff fails to adequately plead a municipal liability claim under § 1983 because his Complaint includes only conclusory statements about the City's alleged policy, practice or custom, with no supporting factual allegations.  Plaintiff also fails to allege prior instances of misconduct to support a failure-to-train based *Monell* claim.

### 1.      Plaintiff's *Monell* Claims Fail Because He Pleads No Facts Regarding a Municipal Policy or Custom.

The Court should dismiss Plaintiff's *Monell* claims against the City because Plaintiff fails to plead a § 1983 claim with any factual allegations regarding a municipal policy or custom as required under *Monell*.  Plaintiff's Complaint includes no such allegations that were the moving force behind a constitutional violation.

Plaintiff simply parrots the legal standard for municipal liability without pleading any actual facts that support his claim.  In *Wood v. Williams*, 568 F. App'x 100 (3d Cir. 2014), the Third Circuit Court of Appeals affirmed the dismissal of a similar *Monell* claim.  *See id.* at 102. The plaintiff in *Wood* set forth a series of conclusory allegations that "simply paraphrase[ed]" the elements of *Monell* liability.  *See id.* at 103-04.  The Third Circuit held that such "conclusory and general" averments were "insufficient" and "fail[ed] to satisfy the rigorous standards of culpability and causation required to state a claim for municipal liability."  *See id.* at 104 (citations and

quotations omitted).

In this case, Plaintiff fails to allege with any specificity what policy, practice or custom the City implemented that brought about his alleged constitutional violations. He includes only general, conclusory sentences in the Complaint, which state that the City was deliberately indifferent to constitutional rights and had a policy of covering up "illegal police activity" while naming broad categories of illegal conduct and claims. *See* Cmplt. at ¶¶ 32-33.

Simply put, Plaintiff provides no factual allegations to support such conclusory statements about the City's alleged "policies and/or customs." Such vague and general allegations fail to state a claim, because averments that "amount to a mere recitation of the . . . elements required to bring forth a *Monell* claim . . . are insufficient to survive a motion to dismiss." *See Butler v. City of Phila.*, No. 11-7891, 2013 WL 5842709, at *2 (E.D. Pa. Oct. 31, 2013). Instead, a complaint must include "specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom." *See Torres v. City of Allentown*, No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 3008) (emphasis added) (citing *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005)). Plaintiff's *Monell* averments include no such factual allegations. *See* Cmplt. at ¶¶ 31-35. Accordingly, the Court should dismiss Plaintiff's § 1983 claims against the City.

### 2. Plaintiff's Failure-to-Train Claim Fails Because Plaintiff Does Not Allege Prior Instances of Misconduct.

Additionally, Plaintiff fails to state a failure-to-train claim because the Complaint does not identify prior instances of misconduct caused by allegedly inadequate training.  Although the failure of a municipality to train its employees may support a *Monell* claim, such a theory represents the most "tenuous" sort of municipal liability under § 1983.  *See Connick v. Thompson*, 563 U.S. 51, 60 (2011).  For "[w]ithout notice that a course of training is deficient in a particular

respect, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Id.* at 62.

Here, Plaintiff fails to plead any facts that would suggest a pattern of unconstitutional conduct by untrained employees. Rather, Plaintiff relies wholly on unsubstantiated and conclusory allegations, which are insufficient to state a failure to train claim. Such pleading deficiencies necessitate the dismissal of Plaintiff's *Monell* claim against the City.

## IV.    CONCLUSION

Plaintiff has failed to set forth sufficient factual allegations to support his § 1983 claims against the City of Philadelphia.   For the reasons set forth above, the City of Philadelphia respectfully requests that this Court grant the instant motion and dismiss Plaintiff's Complaint against it with prejudice.

Date:  November 10, 2020                                   Respectfully submitted,


                                                          */s/ Shannon Zabel*
                                                          Shannon Zabel
                                                          Assistant City Solicitor
                                                          Pa. Attorney ID No. 321222
                                                          City of Philadelphia Law Department
                                                          1515 Arch Street, 14th Floor
                                                          Philadelphia, PA 19102
                                                          215-683-5114 (phone)
                                                          215-683-5397 (fax)
                                                          shannon.zabel@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAKYM DURHAM,** | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 20-3944** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |
| | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Defendant the City of Philadelphia's Motion to

Dismiss Plaintiff's Complaint, was filed via the Court's electronic filing system and is available

for viewing and downloading by all parties of record.

Date:  November 10, 2020                                                  Respectfully submitted,


                                                                            */s/ Shannon Zabel*
                                                                            Shannon Zabel
                                                                            Assistant City Solicitor
                                                                            Attorney Identification No. 321222
                                                                            City of Philadelphia Law Department
                                                                            1515 Arch Street, 14th Floor
                                                                            Philadelphia, PA 19102
                                                                            (215) 683-5114
                                                                            shannon.zabel@phila.gov