| | | |
|---|---|---|
| **Rakym Durham,** | : | **United States District Court** |
| Plaintiff, | : | **Eastern District of Pennsylvania** |
| v. | : | |
| **City of Philadelphia, et al.,** | : | **Civil Division** |
| Defendants. | : | **2:20-cv-3944** |

# ORDER

AND NOW, this _____ day of _____, 2020, it is hereby **ORDERED** and **DECREED** that after consideration of the Defense's Motion to Dismiss and the Plaintiff's Response hereto, the Defense motion is **DENIED** and the Plaintiff's requested relief is **GRANTED**.

**BY THE COURT**:

_____
**U.S. District Judge Kearney**

| **Rakym Durham,** | : | **United States District Court** |
|---|---|---|
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| v. | : | |
| **City of Philadelphia, et al.,** | : | **Civil Division** |
| **Defendants.** | : | **2:20-cv-3944** |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS

Plaintiff, Rakym Durham, respond to the Defendants' Motion to Dismiss, via undersigned Counsel, and hereby move in opposition pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In support of this response, Plaintiff Durham incorporates the attached memorandum of law. Plaintiff Durham respectfully requests this Court deny the Defendants relief and schedule this matter for a 12-person jury trial.

> Respectfully Submitted,
> CORNERSTONE LEGAL GROUP
>
> By: /s/ D. Wesley Cornish, Esquire
> D. Wesley Cornish, Esquire
> Pennsylvania Supreme Court # 310865
> 230 South Broad Street, 17th Floor
> Philadelphia, PA 19102
> Tel:    212-444-2039
> **Attorney for Plaintiff**
> November 20, 2020

| | | |
|---|---|---|
| **Rakym Durham,** | : | **United States District Court** |
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| v. | : | |
| **City of Philadelphia, et al.,** | : | **Civil Division** |
| **Defendants.** | : | **2:20-cv-3944** |

## PLAINTIFF RAKYM DURHAM'S MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO DENY DEFENDANTS' MOTION TO DISMISS

Plaintiff, Rakym Durham, hereby files this response to the Defendants' Motion to Dismiss via Federal Rule of Civil Procedure 12.

### I.  Background

Plaintiff Durham filed a Complaint starting this action on August 12, 2020, alleging Defendants City of Philadelphia and multiple unidentified officers violated his constitutional rights stemming from Plaintiff's arrest whereby Plaintiff who is disabled was dropped while Defendant John Doe officers tried to force him to stand for a booking picture. (ECF No. 1). Plaintiff Durham asserted the following claims:

1. Count 1 – Excessive Force 42 U.S.C. § 1983 (against John Doe Officers)
2. Count 2 – Failure to Intervene 42 U.S.C. § 1983 (against John Doe Officers)
3. Count 3 – State Law Assault and Battery (against John Doe Officers)
4. Count 16 – Monell Municipal Liability (against City of Philadelphia)

*See Plaintiff's Comp*. (ECF No. 1)

For the substantive material facts for the Court's decision on this motion's disposition, Plaintiff relies on a hereby incorporates the Statement of Material Facts attached to this motion. Plaintiff Durham's response to the Supplemental Material Facts and all other incorporated, referenced documents, filings, and exhibits.

II.     Argument

A plaintiff cannot survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6) without pleading "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *See id.* Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." *Morse v. Lower Merion Sch. Dist.,* 132 F.3d 902, 906 (3d Cir. 1997).

### A.  Plaintiff Alleges a Cognizable Claim Via 42 U.S.C. § 1983

Plaintiff alleges a cognizable claim of municipal liability against the City under § 1983. In order to prevail against the City of Philadelphia, Plaintiff must prove that (1) a constitutionally-protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. *Monell v. New York City Dept. of Soc. Servs.*, 436 U.S. 658, 694-95 (1978); *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990). Proof of a single incident or unconstitutional activity is not sufficient to impose liability under *Monell*. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Courts have "recognized a two-path track to municipal liability under § 1983, depending on whether the allegation is based on municipal policy or custom." *Mulholland v. County of Berks*, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted). A policy occurs when a decisionmaker with final authority "issues an official proclamation, policy, or edict," while a custom occurs when practices are "so permanent and well-settled as to virtually constitute law." *See id.* (citations and quotations omitted). Here, Plaintiff adequately pleads a municipal liability claim under § 1983 because his Complaint at this stage includes John Doe

Officers, and pending the Defense's Rule 26 Disclosures, including any potential misconduct flags related to the involved officers for their conduct while employed by Defendant City of Philadelphia, it is premature to dismiss this count.

1. **Plaintiff's *Monell* Claims Fail Because He Pleads No Facts Regarding a Municipal Policy or Custom**

The Court should dismiss Defendants' *Monell* petition because the Plaintiff plead factual allegations sufficient to sustain allegations regarding a municipal policy or custom as required under *Monell*. The City's practice of failing to supervise officers with histories of misconduct, practices so pervasive and permanent and well-settled as to virtually constitute law. This includes having officers with histories of excessive force, lying about circumstances of cases, falsifying records, racism, and other serious misconduct.

A Plaintiff's *Monell* liability must be founded upon evidence the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. *Bielevicz v. Dubinon*, 915 F.2d 845, 849-50 (3d Cir. 1990). The law is clear a custom/practice can include an omission and failure to prevent a clear and obvious pattern and set of misconduct. The Plaintiffs specifically plead the time and place of the arrest, the persons responsible for the arrest, including the policy makers who were their supervisors, and persons responsible for the custom. See ¶¶ 9, 12-14, 32-33, 35.

2. **Plaintiff's *Failure to Train* Claim Is Properly Plead**

Additionally, Plaintiff sufficiently states a failure-to-train claim because while the Complaint does not identify prior instances of misconduct caused by allegedly inadequate training, because the alleged officers remain John Does. To dismiss a claim prior to the Defense providing their Rule 26 Disclosures and any Misconduct Disclosures would effectively prevent

any Plaintiff with a colorable claim of ever being able to litigate a *Monell* claim. Plaintiff also does not allege the initial training was insufficient to qualify as a police officer, yet the remedial training after infractions and instances of misconduct were not sufficient to cure the underlying action. The failure of remedial training is especially true when conduct involves successive incidents regarding abuse of authority, excessive force, and falsifying records.

As the Defendant John Doe officers have yet to be identified, and their conduct involves the use of excessive force dismissal of charges against the City would be inappropriate and requests this Court allow Plaintiff 30 days from disclosure of Rule 26 materials.

### III. Conclusion

For all the foregoing reasons, Plaintiff Durham requests this Court deny the Defendants' Motion for Summary Judgment and schedule this matter for a 12-person jury trial.

Respectfully Submitted,
CORNERSTONE LEGAL GROUP

By: /s/ D. Wesley Cornish, Esquire
D. Wesley Cornish, Esquire
Pennsylvania Supreme Court # 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Tel:    212-444-2039
**Attorney for Plaintiff**
November 20, 2020

| | | |
|---|---|---|
| **Rakym Durham,** | : | **United States District Court** |
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| v. | : | |
| **City of Philadelphia, et al.,** | : | **Civil Division** |
| **Defendants.** | : | **2:20-cv-3944** |

**CERTIFICATE OF SERVICE**

I hereby certify I am on this day, serving the foregoing on the persons listed below via electronic mail/delivery service, which satisfies the requirements of the Rules of Civil Procedure to:

**Anne Taylor, Esquire**
City Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19107

        Respectfully Submitted,
        CORNERSTONE LEGAL GROUP

        By: /s/ D. Wesley Cornish, Esquire
        D. Wesley Cornish, Esquire
        Pennsylvania Supreme Court # 310865
        230 South Broad Street, 17th Floor
        Philadelphia, PA 19102
        Tel: 212-444-2039
        **Attorney for Plaintiff**
        November 20, 2020