| | | |
|---|---|---|
| **Rakym Durham,** | : | **United States District Court** |
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| **vs.** | : | |
| **Officer Carr #1250 and Officer Clift #1259** | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.: 2:20-cv-03944** |

## <u>ORDER</u>

AND NOW, this _____ day of _____, 20\_\_\_\_, Plaintiff's Motion for

Leave to Amend Complaint is GRANTED pursuant to F.R.C.P. 15(a)(1)(B).

**BY THE COURT:**

_____

**Honorable Judge Mark Kearney**

| Rakym Durham, | : | **United States District Court** |
|---|---|---|
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| vs. | : | |
| **Officer Carr #1250 and Officer Clift #1259** | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.: 2:20-cv-03944** |

## <u>PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT</u>

Plaintiffs, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, moves for

leave of Court to file an Amended Complaint. Further, in support of this Motion, moving

Plaintiff incorporates by reference and rely upon the Memorandum of Law filed herewith.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE:** January 5, 2021

| Rakym Durham, | : | **United States District Court** |
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| **vs.** | : | |
| **Officer Carr #1250 and Officer Clift #1259** | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.: 2:20-cv-03944** |

## <u>MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT</u>

### I.      INTRODUCTION

Plaintiff originally filed a Complaint, to which the Defense filed a Motion to Dismiss, which this Court ruled upon, dismissing all claims against the municipality. *See* Docket No. 7. In this Court's order the Plaintiff was ordered to amend his complaint by January 6, 2021, upon learning the identities regarding the officer Defendants. *Id.* The Defense on or about December 29, 2020, provided the police arrest paperwork for Plaintiff's incident. This would be the first request for a motion for leave to amend Plaintiff's complaint. The Defense does not object to this Amended Complaint being filed.

### II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a)(2) provides that a *"Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."*

Federal Rule of Civil Procedure 15(a)(1)(B) provides that a "party may amend its pleading once as a matter of course within . . . 21 days after service of a motion under Rule 12(b), (e), or (f)."

### III.    ARGUMENT

In *Foman v. Davis*, 371 U.S. 178 (1962), the Court noted that Rule 15(a) declares that leave to amend shall be "freely given" when justice so requires and that "this mandate is to be heeded."

*Id.* at 230. The Court noted that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith, or dilatory motive evidenced by the moving party, or repeated failure to cure deficiencies by amendments previously allowed. Although the District Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion." *Id.* "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citations omitted); *see also Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). The Third Circuit has found "prejudice to the non-moving party is a touchstone for denial of an amendment." *Lorenz*, 1 F.3d at 1414.

In the instant case, plaintiff is filing this amended complaint solely to comply with this Court's November 25, 2020 Order. Granting this motion for leave will in no manner harm, injure, or prejudice the Defense. The Defense does not object to filing an Amended Complaint.

## IV. CONCLUSION

**WHEREFORE**, Plaintiff respectfully request this Court enter an order granting Plaintiff's Motion for Leave to File Amended Complaint and grant such further relief as the Court deems appropriate.

Respectfully Submitted,

_____
/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: January 5, 2021

| | | |
|---|---|---|
| **Rakym Durham,** | : | **United States District Court** |
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| **vs.** | : | |
| **Officer Carr #1250 and Officer Clift #1259** | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.: 2:20-cv-03944** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies on this day, the foregoing was filed with the Clerk of the Court and a

copy was sent to the counsel of record at:

**Shannon Zabel, Esquire**
City Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19107

## **VERIFICATION**

The facts set forth in the foregoing are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for unsworn

falsifications and perjury via the United States Code.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF**
**DATE**: January 5, 2021

# PROPOSED AMENDED COMPLAINT

| | | |
|---|---|---|
| **Rakym Durham,** | : | **United States District Court** |
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| vs. | : | |
| **Officer Carr #1250 and Officer Clift #1259** | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.: 2:20-cv-03944** |

## AMENDED COMPLAINT

1. Plaintiff Rakym Durham ("Durham") via counsel, David Wesley Cornish, Esquire, Complains and states he was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Rakym Durham**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania residing at 1220 West Wyoming Avenue Philadelphia, PA 19146.

## DEFENDANTS

6. Defendants are **Officer Carr #1250**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

7. Defendants are **Officer Clift #1259**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

8. At all relevant times the Defendants acted under the color of law as a municipality supervising municipally employed police officers while on duty.

9. On or about August 15, 2019, Plaintiff Durham was arrested by the Philadelphia Police Department.

10. The vehicle Plaintiff was driving, and which police observed him for an extended time period was specially designed to be operated by a handicapped person.

11. While being arrested, police officers were completely aware Plaintiff Durham was unable to move his legs due to his disability and even placed his wheelchair into the police vehicle transporting him to the police station.

12. After being arrested by the Philadelphia Police Department he was transported back to the Police Department for further processing including having his fingerprints taken and being photographed.

13. When it was Plaintiff's turn to have his photograph taken, Defendants Carr and Clift, and other law enforcement agents, ordered him to stand up and when he could not comply, forcibly lifted Plaintiff to attempt to make him stand during the intake procedure, despite him being physically disabled and unable to walk, and in doing so, purposefully let go of him, causing Plaintiff to fall on the floor, resulting in his leg fracturing.

14. Plaintiff Durham was not given any medical care after officers dropped him to the ground, despite having one of his leg bones poking and pressing against his skin.

15. After being released without being charged with a crime on approximately August 17, 2019, Plaintiff Durham sought medical treatment at Lankenau Hospital, where doctors diagnosed him with a nondisplaced tibial plateau fracture, directly resulting from him being dropped to the ground.

16. Plaintiff Durham was gravely injured by the actions of these officers as there existed no reason for him to be dropped to the ground for not standing when he is physically unable.

17. Plaintiff Durham at no time during this photographing procedure tried to resist or otherwise fail to comply with the officers' commands.

## PLAINTIFF'S INJURIES

18. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

19. Due to the Defendants actions Plaintiff suffered the following injuries:

   a. Physical discomfort from being dropped including breaking his leg;

   b. A loss of enjoyment and quality of life due to the Defendants actions in injuring him which caused physical and psychological injuries;

   c. A loss of employment/business opportunities due to the Defendants actions injuring him;

   d. Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

## COUNT 1 – EXCESSIVE FORCE, ASSAULT, AND BATTERY

20. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

21. The United States Constitution's Fourth Amendment protects every citizen's rights, privileges, and immunities to be free from unreasonable searches and seizures.

22. The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested, detained, and/or stopped by police, and a law enforcement official may only use the amount of force necessary, under the circumstances to make the arrest and/or conduct the stop, and Defendants actions in dropping a crippled person from multiple feet above directly onto a hard floor surface and directly on their legs, violated these requirements and directly caused Plaintiff to suffer unnecessary and unreasonable physical injuries and a liberty deprivation.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary

damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

**COUNT 2 – FAILURE TO INTERVENE**

23. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

24. The United States Constitution's Fourth Amendment protects every citizen's rights, privileges, and immunities to be free from unreasonable searches and seizures.

25. Defendants violated Plaintiff's rights when they failed to stop each other from exerting excessive force and failing to intervene and stop the civil rights violations, as each Defendant as a police officer had a duty to intervene to prevent the use of excessive force by a fellow officer, each Defendant had a reasonable opportunity to intervene, and each Defendant failed to intervene.

**WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against Defendants.

**PUNITIVE DAMAGES REQUEST**

26. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

27. Defendants actions in breaking a handcuffed prisoners leg by purposefully dropping him onto the floor, shocks the conscious, and runs opposite civilized police conduct.

28. Defendants actions in depriving Plaintiff of his rights, freedoms, privileges, and liberties is so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the Plaintiffs' rights, especially when there was no reasonable suspicion or probable cause to believe he was committing a criminal act by charging his phone and waiting in the hallway of a public building.

**WHEREFORE**, Plaintiffs demand exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants officially, personally, professionally, individually, jointly, and severally.

## <u>JURY DEMAND</u>

29. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as

fully as though the same were set forth herein at length.

30. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination

pursuant to the United States Constitutional Amendments V, VI, and XIV.


Respectfully Submitted,


_____

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF DURHAM**
*DATE*: January 4, 2021

| Rakym Durham, | : | United States District Court |
|---|---|---|
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| vs. | : | |
| **Officer Carr #1250 and Officer Clift #1259** | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.: 2:20-cv-03944** |

## <u>VERIFICATION</u>

The facts set forth in the foregoing Complaint are true and correct to the best of the undersigned's

knowledge, information and belief and are verified subject to the penalties for perjury and unsworn falsification

to authorities and/or the tribunal.


Respectfully Submitted,


_____

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF DURHAM**
*DATE*: January 4, 2021

# **EXHIBIT**

| | | |
|---|---|---|
| Rakym Durham, | : | **United States District Court** |
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| vs. | : | |
| ~~City of Philadelphia, Philadelphia~~ | : | |
| ~~Philadelphia Police Officers #1-10~~ | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.:** _____ |

## COMPLAINT

1. Plaintiff Rakym Durham ("Durham") via counsel, David Wesley Cornish, Esquire, Complains and states he was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Rakym Durham**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania residing at 1220 West Wyoming Avenue Philadelphia, PA 19146.

## DEFENDANTS

6. [ADDED NEW CONTENT] ~~Defendant is **City of Philadelphia, a municipality organized pursuant to the laws of the Commonwealth of Pennsylvania.**~~

7. ~~Defendants are **Philadelphia Police Officers #1-10**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.~~

## FACTUAL BACKGROUND

8. At all relevant times the Defendants acted under the color of law as a municipality supervising municipally employed police officers while on duty.

9. On or about August 15, 2019, Plaintiff Durham was arrested by the Philadelphia Police Department.

10. The vehicle Plaintiff was driving, and which police observed him for an extended time period was specially designed to be operated by a handicapped person.

11. While being arrested, police officers were completely aware Plaintiff Durham was unable to move his legs due to his disability and even placed his wheelchair into the police vehicle transporting him to the police station.

12. After being arrested by the Philadelphia Police Department he was transported back to the Police Department for further processing including having his fingerprints taken and being photographed.

13. When it was Plaintiff's turn to have his photograph taken, [ADDED NEW CONTENT] law enforcement agents, ordered him to stand up and when he could not comply, officers forcibly lifted Plaintiff to attempt to make him stand during the intake procedure, despite him being physically disabled and unable to walk, and in doing so caused purposefully let go of him, causing Plaintiff Durham to fall onto the floor, causing his leg to fracture.

14. Plaintiff Durham was not given any medical care after officers dropped him to the ground, despite having one of his leg bones poking and pressing against his skin.

15. After being released without being charged with a crime on approximately August 17, 2019, Plaintiff Durham sought medical treatment at Lankenau Hospital, where doctors diagnosed him with a nondisplaced tibial plateau fracture, directly resulting from him being dropped to the ground.

16. Plaintiff Durham was gravely injured by the actions of these officers as there existed no reason for him to be dropped to the ground for not standing when he is physically unable.

17. Plaintiff Durham at no time during this photographing procedure tried to resist or otherwise fail to comply with the officers' commands.

### PLAINTIFF'S INJURIES

18. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

19. Due to the Defendants actions Plaintiff suffered the following injuries:

    a.  Physical discomfort from being dropped including breaking his leg;

    b.  A loss of enjoyment and quality of life due to the Defendants actions in injuring him which caused physical and psychological injuries;

    c.  A loss of employment/business opportunities due to the Defendants actions injuring him;

    d.  Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

### COUNT 1 – EXCESSIVE FORCE AND ASSAULT - PPD OFFICERS #1-10

20. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

21. [ADDED NEW CONTENT] ~~The United States Constitution's Fourth and Fourteenth Amendments protect every citizen's rights, privileges, and immunities to be free from unreasonable search and seizure, and to equal protection of the law and due process.~~

22. The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested, detained, and/or stopped by police, and a law enforcement official may only use the amount of force necessary, under the circumstances to make the arrest and/or conduct the stop, and Defendants actions in dropping a crippled person from multiple feet above directly onto a

hard floor surface and directly on their legs, violated these requirements and directly caused Plaintiff

Durham to suffer unnecessary and unreasonable physical injuries and a liberty deprivation.

23. Defendants also separately violated Plaintiff Durham's rights when they failed to stop one another from exerting and excessive and illegal force, against a person who was not committing a crime and was complying with their directives, and further these Defendants had a reasonable opportunity to intervene and prevent this offensive contact, with all failing to do so.

**WHEREFORE,** Plaintiff demands judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 2 – FAILURE TO INTERVENE - PPD OFFICERS #1-10

24. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

25. [ADDED NEW CONTENT] Within the meanings of the Federal Constitution's Fourth, Eighth, and Fourteenth Amendments, a police officer has a duty to protect citizens from police brutality being committed by fellow officers in their presence.

26. Defendants violated Plaintiff Durham's rights when they failed to stop each other from exerting excessive force and failing to intervene and stop the civil rights violations, as each Defendant as a police officer had a duty to intervene to prevent the use of excessive force by a fellow officer, each Defendant had a reasonable opportunity to intervene, and each Defendant failed to intervene.

**WHEREFORE,** Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against Defendants Viscenglia and Eliasen

## COUNT 3 – ASSAULT & BATTERY – PPD OFFICERS #1-10

27. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

28. Plaintiff Durham avers the Defendants arrested and detained/searched/seized him within the meaning of both the United States and Commonwealth of Pennsylvania Constitutions.

29. Plaintiff avers the Defendants acted maliciously or for a purpose other than bringing him to justice, by purposefully dropping him onto the ground while being taken for a booking photograph.

30. The Defendants directly, foreseeably, legally, and proximately caused Plaintiff to have suffered unjust, unwarranted, and unlawful injuries, and/or will continue to suffer the following damages: Physical injuries including pain and suffering, Loss of enjoyment of life and physical mobility, and Past and future pain and suffering, extreme inconvenience, and emotional distress.

**WHEREFORE,** Plaintiffs demand judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty thousand dollars ($150,000).

## COUNT 4 – MONELL – CITY OF PHILADELPHIA

31. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

32. Plaintiff was damaged and injured as set forth above pursuant to 42 U.S.C. § 1983 by the City of Philadelphia. Prior to August 15, 2019, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of Philadelphia, which caused the violation of Plaintiff's rights.

33. It was the policy and/or custom of the City of Philadelphia to cover-up and avoid detection of improper and illegal police activity, including excessive force, conspiracies, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, assault and battery.

34. ~~It was the policy and/or custom of the City of Philadelphia to fail to sufficiently supervise against, train, and/or re-train against, and sufficiently discipline against illegal police activity, including but not limited to excessive force, unlawful detention, failure to intervene against other Officers' illegal conduct, false imprisonment, false arrest, and assault and battery.~~

35. ~~The decision-maker alleged in this situation is the Chief of Police and the commander and leader of the Internal Affairs Division.~~

~~**WHEREFORE,** Plaintiffs demand judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).~~

### PUNITIVE DAMAGES REQUEST

36. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

37. Defendants actions in depriving Plaintiff of his rights, freedoms, privileges, and liberties is so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the Plaintiffs' rights, especially when there was no reasonable suspicion or probable cause to believe he was committing a criminal act by charging his phone and waiting in the hallway of a public building.

**WHEREFORE,** Plaintiffs demand exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants officially, personally, professionally, individually, jointly, and severally.

### JURY DEMAND

38. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

39. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.