**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAKYM DURHAM** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 20-3944** |
| | : | |
| **CITY OF PHILADELPHIA,** *et al.* | : | |

# ORDER

**AND NOW**, this 28th day of January 2021, following our January 14, 2021 Order (ECF Doc. No. 17) beginning discovery and today's telephonic Initial Pretrial Conference, it is **ORDERED** the parties are attached for a three-day trial beginning **July 19, 2021** and shall proceed consistent with Fed.R.Civ.P. 1 to resolve this dispute:

1.  Counsel and parties are required to follow this Court's Policies and Procedures in effect at the time of the anticipated action ("Policies") and Default Order on Electronic Discovery found at www.paed.uscourts.gov.

2.  The parties declined a F.R.E. 502(d) Order without prejudice.

3.  On or before **February 3, 2021**, Plaintiff shall file the fulsome stipulation of undisputed facts required by our Policies and our January 14, 2021 Order (ECF Doc. No. 17).

4.  All motions to further amend the pleadings and to join or add additional parties shall be filed by **March 1, 2021.**

5.  All fact and expert discovery shall be served, noticed and completed by **April 30, 2021**[1] and until further Order mindful of COVID-19 mitigation restrictions:

---

[1] Should *all* parties wish to extend this *discovery* deadline *without extending any other deadline*, the parties may agree to do so without seeking leave of the Court.

    a. We expect written discovery to be promptly completed and deposition discovery should be, to the extent necessary, done through a video-sharing service, including allowing a Court Reporter to also participate by video-sharing arranged by the party noticing the deposition;

    b. We encourage counsel and parties to be particularly civil to each other in scheduling and completing depositions; and,

    c. We may not be able to be contacted during a deposition but questioning should not end based on an objection which we cannot immediately resolve.

  6. No later than **March 19, 2021**, all parties seeking relief of any sort shall serve a detailed written demand upon all parties claimed to be responsible for any claim of relief. All responding parties shall provide a detailed written response on or before **March 30, 2021**.

  7. **This matter is referred to Magistrate Judge Heffley for all settlement purposes.** Plaintiff's Counsel will immediately contact Magistrate Judge Heffley to schedule an initial settlement conference to occur on or before **May 7, 2021**. Counsel will timely advise Magistrate Judge Heffley if there is <u>no chance</u> of settlement before the conference.

  8. Counsel for each party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) necessary to meet their burden of proof by expert report or answer to expert interrogatory no later than **April 2, 2021**. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve such rebuttal evidence on counsel for every other party no later than **April 27, 2021**. Expert depositions, if any, shall be concluded no later than **April 30, 2021**.

9. Any party expecting to offer opinion testimony from lay witnesses under Fed. R. Evid. 701, shall, at the time required for submission of information and/or reports for expert witnesses set forth in the preceding paragraph, serve opposing parties with concise details and/or documents detailing the lay opinions of the Rule 701 witnesses, including the identity of each witness, the substance and the basis for each opinion.

10. Summary judgment and *Daubert* motions, if any, shall be filed no later than **May 11, 2021**. Responses shall be filed in accord with the Local Rules and this Court's Policies and no later than **May 25, 2021**. Motions for summary judgment and responses shall fully comply with this Court's Policies, including:

(a) A separately filed Statement of Undisputed Material Facts which details, in numbered paragraphs, the material <u>facts</u> that the moving party contends are undisputed and entitle the movant to judgment as a matter of law. Only those facts which bear on dispositive material issues shall be included in the Statement of Undisputed Facts.

(b) Opposition to a motion for summary judgment shall include a separate filing of a Statement of Material Facts, responding to the numbered paragraphs in the movant's Statement of Undisputed Facts, which the respondent contends present genuine issues for trial. The responding party also shall set forth, in separate numbered paragraphs, any additional facts which the respondent contends preclude summary judgment.

(c) Statements of Material Facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the record that support each of the statements. Each stated fact shall cite the source relied upon, including the page of any document or line and page number of any deposition to which reference is made.

(d) Memoranda in support of, or opposing, a Rule 56 motion is limited to twenty-five (25) pages, double-spaced, twelve (12) point font.

(e) Upon filing, the movant(s) shall also file a separate appendix of all exhibits or affidavits which may relate to the issues raised in the motion.  On all cross-motions under Rule 56, the cross-movants must consult and file a joint appendix.  All pages of the appendix shall be consecutively "Bates stamped" and referenced by the Bates number assigned to each page.  The appendix shall include a table of contents.  The movant shall make every effort to include all necessary exhibits in the appendix, anticipating the respondent's necessary citations to the fullest good faith extent possible.  Should it become necessary for the non-moving party to submit affidavits or additional exhibits, it may do so in a respondent's appendix filed with its Opposition.  Any additions to the movant's appendix shall also be consecutively Bates-stamped, beginning sequentially at the page number where the movant's appendix ended, and shall include a table of contents.  This Court will not consider party documents not included in the appendix.

(f) Parties shall provide Chambers with one (1) paper courtesy copy of all filed summary judgment submissions by overnight mail or hand delivery within one (1) business day of filing.

(g) Failure of the movant to follow this procedure in all respects may result in denial of the motion without prejudice to be renewed at trial.  Respondent's failure to comply in all respects may result in this Court's considering the motion as uncontested.

11. Only those exhibits, discovery items and expert witnesses identified in the manner set forth in this Order shall be considered for admission into evidence at trial, unless stipulated by all affected parties and approved by the Court.

12. The unavailability of a witness will not be a ground to delay the commencement or progress of an ongoing trial. If a witness may be unavailable at the time of trial in the manner defined in Fed. R. Civ. P. 32(a)(4), testimony must be presented by oral or videotape deposition at trial.

13. No later than **June 28, 2021**, counsel for each party shall exchange a list identifying each exhibit the party expects to offer at trial along with a reference to the Bates number or other identification of the documents used in discovery.

14. No later than **June 29, 2021**, each party shall file a pretrial memorandum compliant with our Policies and, mindful of possible COVID-19 mitigation effects upon this trial, describe the parties' positions as to:

    a. A non-jury disposition in the courtroom or by video sharing technology with all exhibits and deposition designations filed consistent with this Order;

    b. Presenting all evidence outside the courtroom or video sharing for non-jury disposition reserving the rights to request closing arguments including questions from the Court;

    c. Proceeding with a jury trial by video sharing; and,

    d. Selecting a twelve-person jury with possible stipulations to modify unanimity in a jury verdict.

15. No later than **June 30, 2021**, each party shall file proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories, with an electronic copy e-mailed in Word format to Chambers_of_Judge_Kearney@paed.uscourts.gov.

16. All motions affecting trial presentations (e.g., *in limine*), proposed *voir dire* peculiar to your case, objections to proposed jury instructions, list of contested exhibits and deposition designations (providing the exhibits and highlighted designations to Chambers) shall be filed on

or before **July 6, 2021**. Responses, including highlighted counter-designations and objections, if any, shall be filed on or before **July 13, 2021**.

17. A final pretrial conference will be held telephonically on **July 15, 2021** at **8:45 A.M.** Counsel for Plaintiff shall initiate this call and timely call Chambers at 267-299-7680 when all counsel are on the line.

18. Counsel is attached for jury selection followed by a three-day trial beginning on **July 19, 2021** at **9:00 A.M.** in Courtroom 6-B.

19. We urge counsel to be respectful of the impact COVID-19 is having upon every person in this case, including opposing counsel, the parties, process servers, Court Reporters, and the Court. We will strive to do the same.

_____
**KEARNEY, J.**