| | | |
|---|---|---|
| **Rakym Durham,** | : | United States District Court |
|     **Plaintiff,** | : | Eastern District of Pennsylvania |
|     vs. | : | |
| **Officer Mouzone #3059, Officer #204,** | : | |
| **Officer Alexander #1221, Philadelphia Police** | : | |
| **Officer(s) Jane/John Doe #1-5** | : | Civil Division – Civil Rights |
|     **Defendants.** | : | Case No.: 2:20-cv-03944 |

## AMENDED COMPLAINT

1. Plaintiff Rakym Durham ("Durham") via counsel, David Wesley Cornish, Esquire, Complains and states he was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Rakym Durham**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania residing at 1220 West Wyoming Avenue Philadelphia, PA 19146.

## DEFENDANTS

6. Defendants are **Officer Mouzone #3059**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

7. Defendants are **Officer Alexander #1221**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

8. Defendants are **Officer #204**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

9. Defendants are **Philadelphia Police Officers John Does #1-3**, a police officer for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

10. At all relevant times the Defendants acted under the color of law as a municipality supervising municipally employed police officers while on duty.

11. On or about August 15, 2019, Plaintiff Durham was arrested by the Philadelphia Police Department.

12. The vehicle Plaintiff was driving, and which police observed him for an extended time period was specially designed to be operated by a handicapped person.

13. While being arrested, police officers were aware Plaintiff Durham was unable to move his legs due to his disability and even placed his wheelchair into the police vehicle transporting him to the police station.

14. After being arrested by the Philadelphia Police Department he was transported back to the Police Department for further processing including having his fingerprints taken and being photographed.

15. When it was Plaintiff's turn to have his photograph taken, Defendants, and other law enforcement agents, ordered him to stand up and when he could not comply, forcibly lifted Plaintiff to attempt to make him stand during the intake procedure, despite him being physically disabled and unable to walk, and in doing so, purposefully let go of him, causing Plaintiff to fall on the floor, resulting in his leg fracturing.

16. Plaintiff Durham was not given any medical care after officers dropped him to the ground, despite having one of his leg bones poking and pressing against his skin.

17. After being released without being charged with a crime on approximately August 17, 2019, Plaintiff Durham sought medical treatment at Lankenau Hospital, where doctors diagnosed him with a nondisplaced tibial plateau fracture, directly resulting from him being dropped to the ground.

18. Plaintiff Durham was gravely injured by the actions of these officers as there existed no reason for him to be dropped to the ground for not standing when he is physically unable.

19. Plaintiff Durham at no time during this photographing procedure tried to resist or otherwise fail to comply with the officers' commands.

## **PLAINTIFF'S INJURIES**

20. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

21. Due to the Defendants actions Plaintiff suffered the following injuries:

    a. Physical discomfort from being dropped including breaking his leg;

    b. A loss of enjoyment and quality of life due to the Defendants actions in injuring him which caused physical and psychological injuries;

    c. A loss of employment/business opportunities due to the Defendants actions injuring him;

    d. Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

## **COUNT 1 – EXCESSIVE FORCE, ASSAULT, AND BATTERY**

22. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

23. The United States Constitution's Fourth Amendment protects every citizen's rights, privileges, and immunities to be free from unreasonable searches and seizures.

24. The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested, detained, and/or stopped by police, and a law enforcement official may only use the amount of force necessary, under the circumstances to make the arrest and/or conduct

the stop, and Defendants actions in dropping a crippled person from multiple feet above directly onto a hard floor surface and directly on their legs, violated these requirements and directly caused Plaintiff to suffer unnecessary and unreasonable physical injuries and a liberty deprivation.

**WHEREFORE**, Plaintiff demands judgment against Defendants, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 2 – FAILURE TO INTERVENE

25. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

26. The United States Constitution's Fourth Amendment protects every citizen's rights, privileges, and immunities to be free from unreasonable searches and seizures.

27. Defendants violated Plaintiff's rights when they failed to stop each other from exerting excessive force and failing to intervene and stop the civil rights violations, as each Defendant as a police officer had a duty to intervene to prevent the use of excessive force by a fellow officer, each Defendant had a reasonable opportunity to intervene, and each Defendant failed to intervene.

**WHEREFORE**, Plaintiff demands exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against Defendants.

## PUNITIVE DAMAGES REQUEST

28. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

29. Defendants actions in breaking a handcuffed prisoners leg by purposefully dropping him onto the floor, shocks the conscious, and runs opposite civilized police conduct.

30. Defendants actions in depriving Plaintiff of his rights, freedoms, privileges, and liberties is so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the

Plaintiffs' rights, especially when there was no reasonable suspicion or probable cause to believe he was committing a criminal act by charging his phone and waiting in the hallway of a public building.

**WHEREFORE**, Plaintiffs demand exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants officially, personally, professionally, individually, jointly, and severally.

## JURY DEMAND

31. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

32. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.

Respectfully Submitted,

_____
/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF DURHAM**
*DATE*: June 25, 2021

| | | |
|---|---|---|
| **Rakym Durham,** | : | **United States District Court** |
| **Plaintiff,** | : | **Eastern District of Pennsylvania** |
| vs. | : | |
| **Officer Mouzone #3059, Officer #204,** | : | |
| **Officer Alexander #1221, Philadelphia Police** | : | |
| **Officer(s) Jane/John Doe #1-5** | : | **Civil Division – Civil Rights** |
| **Defendants.** | : | **Case No.: 2:20-cv-03944** |

## VERIFICATION

The facts set forth in the foregoing Complaint are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for perjury and unsworn falsification to authorities and/or the tribunal.


Respectfully Submitted,


_____
/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF DURHAM**
*DATE*: June 25, 2021