| | | |
|---|---|---|
| **Rakym Durham,** | : | United States District Court |
|     Plaintiff, | : | Eastern District of Pennsylvania |
|     vs. | : | |
| **Salvatore Panepinto #137 and Sharukh** | : | |
| **Murad #154,** | : | Civil Division – Civil Rights |
|     Defendants. | : | Case No.: 2:20-cv-03944 |

## AMENDED COMPLAINT

1. Plaintiff Rakym Durham ("Durham") via counsel, David Wesley Cornish, Esquire, Complains and states he was injured as follows, and via 42 U.S.C. §§1983, 1985, and 1988, of the civil rights laws passed by Congress, provides the appropriate remedy to persons who have been deprived of their federal constitutional statutory rights under the color of state law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and the Civil Rights Act of 1871, 42 U.S.C. §§1983, 1985, and 1988.

3. This Court has supplemental jurisdiction for the state law claims, pursuant to 28 U.S.C. §1367.

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) in that Defendants work and reside in this district and virtually all the acts described in this Complaint occurred in this district.

## PLAINITFF

5. Plaintiff is **Rakym Durham**, an individual and resident of the United States of America, and the Commonwealth of Pennsylvania residing at 1220 West Wyoming Avenue Philadelphia, PA 19146.

## DEFENDANTS

6. Defendants are **Salvatore Panepinto #137**, an employee for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

7. Defendants are **Sharukh Murad #154**, an employee for the Philadelphia Police Department, who lives and resides in the Commonwealth of Pennsylvania.

## FACTUAL BACKGROUND

8. At all relevant times the Defendants acted under the color of law as individuals employed by the Philadelphia Police Department and City of Philadelphia to assist with booking and processing arrestees and criminal suspects detained by the Philadelphia Police Department.

9. On or about August 15, 2019, Plaintiff Durham was taken into custody by the Philadelphia Police Department.

10. The vehicle Plaintiff was driving which police observed him in was specially designed to be operated by a handicapped person.

11. While being taken into custody, police officers completely aware Plaintiff Durham was unable to move his legs due to his disability, placed his wheelchair into a police vehicle when he was transported.

12. After being taken into custody by the Philadelphia Police Department, Plaintiff was transported to a station for further processing including being questioned and having his fingerprints and photograph taken.

13. Defendant Panepinto #137 was assigned as one of the personnel photographing and fingerprinting arrestees on the overnight shift, 11p-7a, on August 15-16, 2019, and again on the same tour of duty August 16-17, 2019.

14. On the 11p-7a, on August 15-16, 2019, tour of duty Plaintiff was assigned with employee Albert #163 as the Squad A and B fingerprinting and photographing

15. On the 11p-7a, on August 16-17, 2019, tour of duty Plaintiff was assigned with Defendant Murad #154 and Albert #163 with employee Albert #163 assigned to Squad B and Defendant Murad and Defendant Panepinto assigned to Squad A.

16. On both the 11p-7a, August 15-16, 2019, and August 16-17, 2019, tours of duty employee Robinson #204 was assigned to intake processing.

17. On Plaintiff's Divisional Booking Center intake form, the time listed for his arrival at the Divisional Booking Center/PDU is 1:13am along with at the top of the page bearing employee Robinson #204's signature and badge number.

18. On Plaintiff's Philadelphia Police Department created photograph, his date of arrest is listed as August 17, 2019, 2:25am.

19. Plaintiff avers after he was fingerprinted by Defendants Murad and Panepinto he was taken to be photographed by the same individuals.

20. Defendants Panepinto and Murad ordered Plaintiff to stand up for his photograph and when he could not comply, both Defendants forcibly lifted Plaintiff to attempt to make him stand, despite him being physically disabled and unable to walk, and in doing so, purposefully let go of him, causing Plaintiff to fall on the floor.

21. As a result of being dropped onto the floor by Defendants, Plaintiff suffered a broken leg, in particular a nondisplaced tibial plateau fracture.

22. Plaintiff Durham was not given any medical care after Defendant Panepinto and Murad dropped him to the ground, despite having one of his leg bones poking out and pressing against his skin.

23. After being released without being charged with a criminal offense on approximately August 17, 2019, Plaintiff Durham sought medical treatment, including at Lankenau Hospital, where doctors diagnosed him with a nondisplaced tibial plateau fracture,

24. Plaintiff's broken leg directly resulted from Defendants dropping him onto the ground.

25. Plaintiff Durham was gravely injured by the actions of these officers as there existed no reason for him to be dropped to the ground for not standing when he is physically unable.

26. Plaintiff Durham at no time during this photographing procedure tried to resist or otherwise fail to comply with the officers' commands.

## PLAINTIFF'S INJURIES

27. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

28. Due to the Defendants actions Plaintiff suffered the following injuries:

    a. Physical discomfort from being dropped including breaking his leg;

    b. A loss of enjoyment and quality of life due to the Defendants actions in injuring him which caused physical and psychological injuries;

    c. A loss of employment/business opportunities due to the Defendants actions injuring him;

    d. Litigation expenses for this civil matter including but not limited to filing fees, administrative fees, expert fees, court costs, civil counsel fees, and the like.

## COUNT 1 – EXCESSIVE FORCE, ASSAULT, AND BATTERY

29. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

30. The United States Constitution's Fourth Amendment protects every citizen's rights, privileges, and immunities to be free from unreasonable searches and seizures.

31. The Fourth Amendment to the United States Constitution protects persons from being subjected to excessive force while being arrested, detained, and/or stopped by police, and a law enforcement official may only use the amount of force necessary, under the circumstances to make the arrest and/or conduct the stop, and Defendants Murad's and Panepinto's actions in dropping a crippled person from multiple feet above directly onto a hard floor surface and directly on their legs, violated these requirements and directly caused Plaintiff to suffer unnecessary and unreasonable physical injuries and a liberty deprivation.

**WHEREFORE,** Plaintiff demands judgment against Defendants Panepinto and Murad, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory,

punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## COUNT 2 – FAILURE TO INTERVENE

32. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

33. The United States Constitution's Fourth Amendment protects every citizen's rights, privileges, and immunities to be free from unreasonable searches and seizures.

34. Defendants Panepinto and Murad violated Plaintiff's rights when they failed to stop each other from exerting excessive force and failing to intervene and stop the civil rights violations, as each Defendant as a police officer had a duty to intervene to prevent the use of excessive force by a fellow officer, each Defendant had a reasonable opportunity to intervene, and each Defendant failed to intervene.

**WHEREFORE**, Plaintiff demands judgment against Defendants Panepinto and Murad, in an official, professional, individual, and personal capacity, individually, jointly, and severally for compensatory, punitive, and exemplary damages in addition to attorneys' fees, costs, interest, and the like in excess of one hundred and fifty-thousand dollars ($150,000).

## PUNITIVE DAMAGES REQUEST

35. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

36. Defendants Panepinto's and Murad's actions in breaking Plaintiff's, a handcuffed prisoner's leg, by purposefully dropping him onto the floor, is outrageous conduct which shocks the conscious, and runs opposite civilized police conduct.

37. Defendants Panepinto's and Murad's actions in depriving Plaintiff of his rights, freedoms, privileges, and liberties is so outrageous as to shock the conscience of reasonable persons and shows reckless indifference for the Plaintiffs' rights, especially when there was no reasonable suspicion or probable

cause to believe he was committing a criminal act by charging his phone and waiting in the hallway of a public building.

**WHEREFORE**, Plaintiffs demand exemplary and punitive damages plus attorneys' fees and costs in an amount in excess of One-Hundred and Fifty-Thousand Dollars ($150,000) against all Defendants officially, personally, professionally, individually, jointly, and severally.

## JURY DEMAND

38. Plaintiff alleges and incorporates via reference the allegations contained in all the above paragraphs, as fully as though the same were set forth herein at length.

39. Plaintiffs demand a jury to determine the extent of damages and provide a full and fair determination pursuant to the United States Constitutional Amendments V, VI, and XIV.


Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF DURHAM**
*DATE*: October 13, 2021

| | | |
|---|---|---|
| Rakym Durham, | : | United States District Court |
| Plaintiff, | : | Eastern District of Pennsylvania |
| vs. | : | |
| Salvatore Panepinto #137 and Sharukh | : | |
| Murad #154, | : | Civil Division – Civil Rights |
| Defendants. | : | Case No.: 2:20-cv-03944 |

## VERIFICATION

The facts set forth in the foregoing pleading are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for perjury and unsworn falsification to authorities and/or the tribunal.

Respectfully Submitted,

/S/ David Wesley Cornish, Esquire
David Wesley Cornish, Esquire
Bar ID #: 310865
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 212-444-2039
**ATTORNEY FOR PLAINTIFF DURHAM**
*DATE*: October 13, 2021

I, <u>Rakeem Durham</u>, subject to the penalties of unsworn falsifications and perjury, state I, answered the foregoing, to the best of my knowledge, information, and belief, they are accurate, true and complete. I, <u>Rakeem Durham</u>, verify and make this representation pursuant to the penalties for unsworn falsifications and perjury the foregoing.

_____
Signature