**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RAKYM DURHAM** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 20-3944** |
| | : | |
| **OFFICER MOUZONE #3059, *et al.*** | : | |

# MEMORANDUM

**KEARNEY, J.** **November 4, 2021**

Citizens claiming police officers violated their constitutional rights must make diligent efforts to identify and sue the culpable officers. They cannot hold officers liable for civil rights damages unless they show the officer's personal involvement. We recognize citizens often do not know the names of the officer involved in the alleged conduct. We allow citizens to name John Doe officers and then pursue discovery consistent with Rule 1. But when the citizen fails for over a year to identify officers with no good reason and the statute of limitations expired on August 17, 2021 during the delay, we must carefully examine whether a proposed amended Complaint naming new officers relates back to the timely filed Complaint by examining whether the proposed newly named officers had actual or constructive notice of the citizen's claim.

A citizen today offers us nothing by way of argument or facts to demonstrate these proposed officers have either actual or constructive notice of his claim. His claims against these officers are admittedly barred by the statute of limitations. We afforded the citizen several opportunities, including multiple extensions of discovery, to identify the alleged officers. The citizen named other officers swearing their involvement under Rule 11. He now thinks he may be wrong in his earlier identifications. The citizen has been afforded multiple chances but has now run out of time to sue other officers. We hesitate to deny amendment but we have no ability to

find adding entirely new parties after the statute of limitations relates back when the citizen offers no facts of actual or constructive notice to the officers before the statute of limitations expired in August 2021. We deny the citizen's motion to file a third amended Complaint naming more officers for whom we have no basis to find they had actual or constructive notice of this claim during the statute of limitations.

## I. Background

Rakym Durham is a paraplegic without use of his legs. The Philadelphia police arrested Mr. Durham on August 15, 2019.[1] Mr. Durham alleges the arresting officers knew Mr. Durham could not move his legs due to his disability and took his wheelchair in the police vehicle when transporting him to the police station.[2] Mr. Durham had his photograph taken during the booking process.[3] The photographing officers ordered Mr. Durham to stand up to take his photo.[4] When he could not comply, the photographing officers lifted him up, took his picture, and then "purposefully let go of him, causing [Mr. Durham] to fall on the floor" and fracture his leg.[5] Mr. Durham received no medical attention despite having a bone "poking and pressing against his skin."[6] The police department released Mr. Durham on August 17, 2019, and he sought medical attention at Lankenau Hospital where doctors diagnosed him with a nondisplaced tibial plateau fracture.[7]

### *Mr. Durham sues the City and John Doe officers.*

Mr. Durham sued the City of Philadelphia and John Doe officers alleging the officers used excessive force during his arrest when they lifted him up for his booking photo and then dropped him onto the ground knowing he could not walk or stand resulting in a leg fracture.[8] We dismissed the City over eleven months ago after Mr. Durham failed to plead a supervisory liability claim.[9] Mr. Durham's claims against the John Doe officers remained.

***The parties begin discovery.***

Counsel from the City Solicitor's office provided Mr. Durham "the police arrest paperwork for [his] incident" on or about December 29, 2020.[10] Mr. Durham amended his complaint to name Officers Carr and Clift in January 2021.[11] Officers Carr and Clift moved in March 2021 to stay the civil proceeding because Mr. Durham faced parallel criminal charges relating, in part, to the events leading up to his August 2019 arrest, including fleeing and evading police.[12] We held a teleconference, which Mr. Durham's counsel in this action did not attend (but his counsel in the criminal case did), and denied the Officers' motion to stay the proceeding but extended our deadlines, including the discovery deadline.[13]

Officers Carr and Clift moved to depose then-incarcerated Mr. Durham in May 2021 amid his criminal case.[14] We again held a telephone conference, and Mr. Durham's counsel in this case again inexplicably failed to attend but Mr. Durham's criminal counsel did attend.[15] We granted another extension of the discovery deadlines due to the ongoing issues with the parallel criminal prosecution.[16]

***Mr. Durham fails to correctly identify the John Doe officers.***

Mr. Durham voluntarily dismissed Officers Carr and Clifton on June 25, 2021.[17] He also moved to amend his complaint to name Officers Mouzone and Alexander, Officer #204, and John Doe Officers 1-5.[18] We granted his motion.[19] We ordered counsel on July 2, 2021 to be ready for a jury trial beginning on November 1, 2021, and we ordered discovery to be complete by September 3, 2021, absent agreement between the parties to extend discovery.[20]

Mr. Durham did not propound discovery until late July 2021—nearly one year after he filed this case—despite our Order in March directing the parties to diligently proceed with investigation and written discovery requests.[21] Mr. Durham requested a "status conference

hearing" on August 24, 2021 "[a]fter speaking with opposing Counsel…about the status of specific discovery which would lead to the identifies of the potential Defendants."[22] Mr. Durham's counsel now appeared. Mr. Durham's counsel informed us he *still*—over a year after filing this case—did not have the correct officers. We reminded counsel any relief requested needed to be presented to us by motion in accordance with Federal Rule of Civil Procedure 7.

Mr. Durham's counsel continued to delay without explanation. Mr. Durham moved for extension of time, then filed an amended motion for extension of time, and a supplemental request for extension of time.[23] He then moved to substitute a party.[24] Mr. Durham acknowledged the discovery period—extended multiple times—expired in two days.[25] He also reported the Officers responded to his discovery requests on August 26, 2021, leading him to believe "there could be approximately 10 individuals who could have had contact" with him on the night of his arrest, and he needed additional discovery to determine which officers caused his injuries.[26] He also learned the most recently named Officers Mouzone and Alexander are black males, but Mr. Durham testified the individuals who dropped him were white males.[27] He reported he served supplemental discovery requests on September 1, 2021 to identify which officers had contact with him on the night of his arrest.[28] Mr. Durham argued "as the statute of limitations has passed, [he] would be irreparably harmed by not being able to identify these officers via a time extension to conduct discovery specifically upon the Defense's recently passed Assignment Sheets."[29] He then claimed he acted "with diligence to try and procure the identities for all the law enforcement agents who participated in Plaintiff's fingerprinting and photographing."[30] He filed a supplemental motion shortly after his original motion because he included incorrect information in his first motion.[31]

Mr. Durham then supplemented his motion for an extension of time, alleging names of officers who may have caused his injuries based on the discovery information obtained from the then-named defendants at the end of August.[32]

The Officers responded by detailing the procedural history of the case, including the multiple extensions and amended complaints already filed by Mr. Durham naming the wrong officers.[33] The Officers informed us—despite Mr. Durham not issuing discovery until July 2021—the City and the Officers provided Mr. Durham over 4,000 pages of documents, including eighty pages of documents relating to his arrest, 4,000 pages of medical records, and his booking, photograph, and fingerprint records.[34] Mr. Durham had all of these documents in his possession by May 2021.[35] The Officers also disputed Mr. Durham's characterization of the documents he had in his possession by May 2021, including the characterization of the information in the booking records, stating Mr. Durham failed to attach all the booking records to his motion.[36] The Officers argued we should not grant Mr. Durham a discovery extension because he failed to show good cause for his delay, since he continuously took "shots in the dark" naming the first officers he saw in paperwork and ignoring others rather than issuing formal, targeted discovery to name the proper defendants.[37] The Officers also argued Mr. Durham's delay prejudiced them.[38]

Mr. Durham moved to substitute a party after the Officers filed their response.[39] He sought to change "Officer 204" to Officer Robinson.[40] We again held a status conference with the parties on September 7, 2021.[41] He conceded at the conference he had no basis to add Officer Robinson as a defendant, and we denied his motion to substitute a party.[42] But we recognized our goal is deciding the case on its merits when we can mitigate prejudice.[43] We concluded we could mitigate the Officers' prejudice by extending our deadlines, having Mr. Durham pay for the

discovery, and limiting the discovery to the four officers Mr. Durham's counsel now swore could have been involved in Mr. Durham's injury.[44] We then observed Mr. Durham's counsel "has not diligently prosecuted this case until the last few weeks and his lack of diligence caused his own problems."[45]

We ordered Mr. Durham to move to amend his complaint by October 14, 2021.[46] He again failed to follow our Order, requiring us to strike his third amended complaint filed without a motion and again ordering him to *move* to amend his complaint.[47]

## II. Analysis

Mr. Durham finally moved to amend his complaint under Rule 15(a).[48] He seeks to add Officers Panepinto and Murad. Mr. Durham cites the general standard for filing amended complaints under Federal Rule of Civil Procedure 15, including the rule for relation back.[49] But he offers no reason why his third amended Complaint knowingly filed *after* the statute of limitations expired relates back to his original timely complaint, except the claims arise out of the same conduct plead in the original complaint.[50] He does not argue timely actual or constructive notice. The Officers argue we should not allow Mr. Durham to amend because amendment is futile. Mr. Durham's counsel chose to not file a reply.

We afforded Mr. Durham more than enough chances to allow us to decide his case on the merits. Mr. Durham—through his counsel—deprives us of this opportunity due to his disregard of our Orders, the Federal Rules of Civil Procedure, our local rules, and his obligation to prosecute his case dutifully and expeditiously. We deny his motion to amend his complaint.

Pleading amendments are governed by Federal Rule of Civil Procedure 15(a), which provides "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."[51] The Supreme Court

instructs "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"[52] Futility of amendment is a sufficient basis to deny leave to amend.[53] Amendment is futile when "the complaint, as amended, would fail to state a claim upon which relief could be granted."[54]

Our Court of Appeals directs changing "John Doe" to the real party's name amounts to changing a party or the name of a party.[55] To change a party or the name of the party against whom claims are asserted and have the amendment relate back, Mr. Durham must show: "(1) the claim or defense set forth in the amended pleading arose out of the conduct, transaction or occurrence set forth in the original pleading; (2) within the [ninety day] time period provided in Rule 4(m), the party or parties to be added received notice of the institution of the suit and would not be prejudiced in maintaining a defense; and (3) the party sought to be added knew that, but for a mistake concerning his or her identity, he or she would have been made a party to the action."[56]

The Officers do not dispute the new claim arises from the same conduct plead in Mr. Durham's August 2020 complaint. They instead argue Mr. Durham has not shown Officers Murad and Panepinto had notice of the lawsuit within ninety days of Mr. Durham filing this case in August 2020, are not prejudiced in maintaining a defense, and had knowledge of the action but for their mistaken identity. Officers Panepinto and Murad did not receive actual or constructive notice of Mr. Durham's claims within ninety days of Mr. Durham filing his case over fourteen

months ago. The Officers argue Mr. Durham's amendment is futile as barred by the statute of limitations because he fails to meet the test for relation back.

Officers Panepinto and Murad did not receive actual notice of Mr. Durham's claims because Mr. Durham did not serve them with the third amended Complaint within ninety days of the filing of this case in August 2020.[57] Mr. Durham filed his complaint on August 12, 2020.[58] He now seeks to add Officers Panepinto and Murad, well over ninety days since he filed the action. Neither has been served. Mr. Durham offers no evidence of actual notice. They do not have actual knowledge of the action.

But Mr. Durham's counsel could have argued the Officers have constructive notice of this case. Our Court of Appeals recognizes two theories of constructive notice—the shared attorney and identity of interest theories.[59] The shared attorney theory "is based on the notion that, when an originally named party and the party who is sought to be added are represented by the same attorney, the attorney is likely to have communicated to the latter party that he may very well be joined in the action."[60] In analyzing the shared attorney method of imputing notice, "[t]he relevant inquiry under this method is whether notice of the institution of this action can be imputed to [the defendant sought to be named] within the relevant [ninety] day period . . . by virtue of representation [he] shared with a defendant originally named in the lawsuit."[61] Our Court of Appeals instructs "a plaintiff must show that there was 'some communication or relationship' between the shared attorney and the John Doe defendant prior to the expiration of the [ninety]–day period in order to avail him or herself of the shared attorney method of imputing notice."[62]

Mr. Durham originally sued the City and John Doe Officers on August 12, 2020. He served the City on October 20, 2020.[63] The City *only* moved to dismiss on November 10, 2020.[64]

The Deputy City Solicitor represented the City.[65] We dismissed the City on November 25, 2020.[66] Mr. Durham informed us "the Defense" provided him with police paperwork on December 29, 2020.[67] Following Mr. Durham's first amendment in January 2021 naming Officers Clift and Carr, the Deputy City Solicitor entered an appearance on behalf of the named Officers on January 13, 2021.

Mr. Durham offers no argument or basis for us to find the Deputy City Solicitor had a communication or relationship with Officers Panepinto and Murad within ninety days of filing his original complaint last August.[68] Even taking December 29, 2020 as a guidepost for when the Deputy City Solicitor arguably undertook representation of the John Doe officers, ninety days from filing the complaint had long passed. Mr. Durham adduces nothing allowing us to conclude a Deputy City Solicitor had contact or a relationship with Officers Panepinto and Murad within the ninety days after Mr. Durham filed his complaint. The Officers represent Mr. Durham's counsel did not question Officers Panepinto or Murad during their September 2021 depositions in the extended discovery period to inquire about when they first had contact with a Deputy City Solicitor about this case.[69] Taken as true in accord with counsel's obligation of candor to the Court, we do not see how Mr. Durham could establish Officers Panepinto and Murad had constructive notice based on the shared attorney approach even if he had appropriately addressed the relation back argument in his motion or an unfiled reply. Mr. Durham cannot establish notice under the shared attorney theory.

Mr. Durham also fails to show constructive notice under the identity of interest theory. Our Court of Appeals instructs: "We also will impute notice if the parties are so closely related in their business operations or other activities that filing suit against one serves to provide notice to the other of the pending litigation. But in *Singletary* . . . we held that 'absent other

circumstances that permit the inference that notice was actually received, a non-management employee . . . does not share a sufficient nexus of interests with his or her employer so that notice given to the employer can be imputed to the employee for Rule 15(c)(3) purposes.'"[70] Our Court of Appeals has held: "The individual police officers sought to be added to this action certainly qualify as non-managerial employees."[71] Mr. Durham makes no argument and provides no facts. The Officers represent to us Officers Panepinto and Murad are non-managerial, civilian employees at the Police Detention Unit.[72] We have no reason to find notice imputed under the shared interest theory.

Mr. Durham fails to establish Officers Panepinto and Murad had actual or constructive notice of this lawsuit within ninety days of filing his original complaint. He cannot meet the test for relation back, and his third amended Complaint is futile because it is barred by the statute of limitations.

## III. Conclusion

We deny Mr. Durham's motion for leave to file a third amended complaint to name more officers. We cannot ignore the Federal Rules of Civil Procedure. The Officers aptly point out Mr. Durham's counsel's repeated failures to follow the Rules and our Orders, including failing to address why his third amended Complaint is not futile as barred by the statute of limitations when he knowingly moved to amend after the statute of limitations period expired and then failed to file a reply to counter the officers' futility arguments. We have nothing before us allowing us to find Officers Panepinto and Murad had actual or constructive knowledge of Mr. Durham's complaint. We must deny his motion for leave to amend a third time.

---

[1] ECF Doc. No. 48 ¶ 11.

[2] *Id.* ¶¶ 12–13.

---

[3] *Id.* ¶ 15.

[4] *Id.*

[5] *Id.*

[6] *Id.* ¶ 16.

[7] *Id.* ¶ 17.

[8] ECF Doc. No. 1.

[9] ECF Doc. Nos. 6–7.

[10] ECF Doc. No. 13 at 3.

[11] *Id.*; ECF Doc. No. 15.

[12] ECF Doc. No. 24 at 4–5.

[13] ECF Doc. No. 28. We ordered: "We expect all parties to now diligently proceed with investigation and written discovery requests and the extension granted today is warranted only to defer discovery responses and depositions mindful of privileges in the criminal prosecution." *Id.* ¶ 2.

[14] ECF Doc. No. 30.

[15] ECF Doc. No. 34.

[16] *Id.*

[17] ECF Doc. No. 46.

[18] ECF Doc. No. 45.

[19] ECF Doc. No. 47.

[20] ECF Doc. No. 50.

[21] ECF Doc. Nos. 57–58 (Mr. Durham's motion and amended motion for an extension of time for discovery).

[22] ECF Doc. No. 53.

[23] ECF Doc. Nos. 57–59.

[24] ECF Doc. No. 61.

[25] ECF Doc. No. 57 ¶ 2.

[26] *Id.* ¶¶ 7–8.

[27] *Id.* ¶ 6.

[28] *Id.* ¶ 10.

[29] *Id.* ¶ 13.

[30] *Id.* ¶ 14.

[31] ECF Doc. No. 58 ¶ 16 ("Further this filing was amended as the 'excluding the Assignment Sheet for August 16, 2019, 7a-3p Tour of Duty' was accidentally added to the original filing and was included with the August 26, 2021, disclosure.").

[32] ECF Doc. No. 59.

[33] ECF Doc. No. 60 at 3–9.

[34] *Id.* at 4–5.

[35] *Id.*

[36] *Id.* at 9 n.6

[37] *Id.* at 10–11.

[38] *Id.* at 12–13.

[39] ECF Doc. No. 61.

[40] *Id.*

[41] ECF Doc. No. 62–63.

[42] ECF Doc. No. 64.

[43] *Id.*

[44] *Id.*

[45] *Id.*

[46] *Id.*

[47] ECF Doc. No. 66.

[48] ECF Doc. No. 67.

[49] *Id.* at 3–4.

[50] *Id.* at 4–5. Mr. Durham's excessive force claims are subject to the two-year statute of limitations under Pennsylvania law. *Hickox v. Cnty. of Blair*, 591 F. App'x 107, 110 (3d Cir. 2014); *Large v. Cnty. of Montgomery*, 307 F. App'x 606, 607 (3d Cir. 2009). Mr. Durham concedes in filings his claims are now time-barred. The Philadelphia police department arrested Mr. Durham on August 15, 2019. He was released from custody on August 17, 2019. Mr. Durham knew officers dropped and injured him at the latest on August 17, 2019. Mr. Durham named John Doe officers and several incorrect officers throughout this case. Naming John Doe Officers does not toll the statute of limitations and replacing "John Doe" with the real individual amounts to changing a party or the name of a party. *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003); *Talbert v. Kelly*, 799 F.2d 62, 66 n.1 (3d Cir. 1986). He moves to amend in October 2021 to name the correct officers. Even if he did not concede his claims are time-barred, we find they are.

[51] Fed. R. Civ. P. 15(a).

[52] *Foman v. Davis*, 371 U.S. 178, 182 (1962).

[53] *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 175 (3d Cir. 2010).

[54] *Id.* (further citations omitted).

[55] *See Garvin*, 354 F.3d at 220.

[56] *Id.*at 220, 222 (citing *Singletary v. Pa. Dep't of Corrs.*, 266 F.3d 186, 194 (3d Cir. 2001)); *see also* Fed. R. Civ. P. 4(m).

[57] *Id.* at 220 ("The parties to be brought in by amendment must have received notice of the institution of the action within [ninety] days following the filing of the action, the period provided for service of the complaint by Rule 4(m) of the Federal Rules of Civil Procedure.").

[58] ECF Doc. No. 1.

[59] *Singletary*, 266 F.3d at 196–97.

[60] *Id.* at 196.

[61] *Garvin*, 354 F.3d at 223 (quoting *Singletary*, 266 F.3d at 196).

[62] *Id.* at 225 (quoting *Singletary*, 354 F.3d at 196–97).

[63] ECF Doc. No. 3.

[64] ECF Doc. No. 4.

[65] *Id.* (Deputy City Solicitor signing motion to dismiss).

[66] ECF Docs. No. 6–7.

[67] ECF Doc. No. 13 at 3. We assume this to be the Deputy City Solicitor.

[68] *See, e.g.*, *Farrow v. City of Phila.*, No. 20-5792, 2021 WL 2778554, at *3 (E.D. Pa. July 1, 2021) (finding no shared attorney despite the City solicitor representing both the city and officers when no evidence attorney spoke to or had a relationship with the individual officers within ninety-day period). We note Mr. Durham's counsel is—or should be—well-aware of what his clients must show to have their complaints relate back when seeking amendment after the statute of limitations. As recently as July 2021, Judge Pappert detailed the shared attorney and identity of interest constructive notice theories in one of Mr. Cornish's cases. Judge Pappert found the citizen there did not show "the City's attorney 'had any communication or relationship whatsoever' with the individual Defendants within the 90-day period after he filed the original complaint," and he "provided no evidence" leading to a contrary finding under the identity of interest theory when the officers were non-management employees. Mr. Cornish curiously fails to attempt to argue or offer evidence here as well.

[69] ECF Doc. No. 68 at 8, n.4.

[70] *Garvin*, 354 F.3d at 227.

[71] *Id.*; *see also Farrow*, 2021 WL 2778554, at *3.

[72] ECF Doc. No. 68.